IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIRACLE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18 CV 2512 |
| ) | |
| FORD OF AUGUSTA, INC. dba ) | |
| EDDY'S FORD OF AUGUSTA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Defendant, pursuant to Fed. R. Civ. P. 12, and moves this Court for an order dismissing Plaintiff's claims for lack of subject matter jurisdiction. In support thereof, Defendant states as follows.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of Plaintiff's purchase of a 2009 Dodge Journey from Defendant. As part of that transaction, Plaintiff purchased GAP insurance as part of financing her purchase through Defendant. Plaintiff alleges that Defendant violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq* and accompanying regulations (collectively, "TILA") by failing to include the GAP insurance as a "finance charge," requesting statutory and actual damages, and attorney fees.

This is the rare case where the underlying facts are almost entirely irrelevant to the Court's determination of this motion. That is because Plaintiff's Complaint entirely omits this matters' prior procedural history. Plaintiff previously elected to arbitrate the parties' dispute pursuant to the Arbitration Agreement included within their contract. Once in arbitration, Defendant elected under the American Arbitration Act rules to submit the claim to the jurisdiction of Kansas' small claims court. Because the parties' agreed arbitration rules provide

that the sole venue of this matter is in Kansas small claims court, this Court does not have subject matter jurisdiction to hear Plaintiff's claims and must dismiss the same without prejudice for refiling in state court.

## II. STATEMENT OF FACTS

1. Plaintiff entered into a Sales Agreement dated October 24, 2017 (**Exhibit A**, attached) with Defendant for a 2009 Dodge Journey.

2. As part of purchasing that vehicle, Plaintiff and Defendant also entered into the Arbitration Agreement dated October 24, 2017 (**Exhibit B**, attached), which both parties signed.

3. That Agreement provides, in relevant part, that the parties could voluntarily elect to submit any "Claims" arising out of Plaintiff's vehicle purchase to the American Arbitration Association ("AAA") for resolution under its rules and procedures. **Exhibit B**.

4. On or about June 4, 2018, Plaintiff issued a demand letter attaching a draft of a federal TILA complaint substantially similar to the one filed in this case, and requesting a response to the allegations contained therein. Defendant ultimately received that letter, and responded on July 18, 2018 by refuting Plaintiff's claims and providing her a copy of the signed Arbitration Agreement. Defendant's July 18, 2018 Response Letter, attached as **Exhibit C**.

5. Thereafter on or about August 29, 2018, Plaintiff submitted a Demand For Arbitration to the AAA (**Exhibit D**, attached) along with a Complaint and Jury Trial Demand (**Exhibit E**, attached) addressed to the AAA and voluntarily submitting the matter for arbitration.

6. In relevant part, Plaintiff's Demand For Arbitration specifically identifies the amount of money in dispute as "$2,000 + attorney's fees and costs." **Exhibit D**.

**7.**     Upon receiving Plaintiff's Demand For Arbitration (**Exhibit D**) and Complaint and Jury Trial Demand (**Exhibit E**), the AAA issued a letter to the parties dated September 11, 2018, attached as **Exhibit F**.

**8.**     In that letter, the AAA notes the following:

> In light of the claim amount under $3,000, the parties may wish to exercise the small claims option for the parties. R-9 of the Consumer Rules states the AAA will administratively close the case upon receipt of written notice that a party wants the case decided by a small claims court. If either party would like this matter decided by a small claims court, please send your written request to the Consumer Filing Team and copy the opposing party.

**Exhibit F**.

**9.**     In its entirety, AAA R-9 states:

"R-9. Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

(a) The parties may take their claims to small claims court without first filing with the AAA.

(b) After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

(c) After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court."

American Arbitration Association, Consumer Arbitration Rules, R-9, attached as **Exhibit G**.

**10.**    Pursuant to K.S.A. §61-2703(a), a "small claim" means "a claim for the recovery of money or personal property, where the amount claimed or the value of the property sought does not exceed $4,000, exclusive of interest, costs and any damages awarded pursuant to K.S.A. §60-2610 and amendments thereto."

**11.**     Because Plaintiff's Demand For Arbitration specifically identifies the amount of money in dispute as "$2,000 + attorney's fees and costs" (**Exhibit D**), pursuant to AAA R-9(b) Defendant notified the AAA in its September 24, 2018 letter, attached as **Exhibit H**, that it had elected to pursue the matter in small claims court.

**12.**     The AAA received that letter and issued its response that same day on September 24, 2018, attached as **Exhibit I**, acknowledging Defendant's request to invoke small claims jurisdiction and administratively closing its file.

**13.**     Still on that same day on September 24, 2018, Plaintiff filed her current Complaint giving rise to this motion and memorandum.  See Complaint, incorporated herein by reference.

### III.     ARGUMENTS AND AUTHORITIES

The procedural history of this matter clearly shows that only Kansas small claims courts have subject matter jurisdiction to resolve the parties' dispute.  Plaintiff herself initially invoked arbitration and the AAA's jurisdiction by filing her voluntary Demand For Arbitration (**Exhibit D**) and Complaint and Jury Trial Demand (**Exhibit E**).  Even had she not, this Court still could have compelled arbitration under the Federal Arbitration Act had Defendant so elected.  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms." This purpose is readily apparent from the FAA's text. Section 2 makes arbitration agreements "valid, irrevocable, and enforceable" as written (subject, of course, to the saving clause); . . .").

By voluntarily invoking the parties' Arbitration Agreement, Plaintiff consented to the AAA's rules and procedures.  Those rules include the small claims exception contained at R-9, which clearly encompasses Plaintiff's claims for $2,000.00.  See **Exhibit D**, **Exhibit G**, K.S.A. §61-2703(a).  By issuing its September 11, 2018 letter, the AAA itself recognized that Plaintiff's

4

claims fall within the realm of Kansas small claims jurisdiction.  **Exhibit F** ("In light of the claim amount of under $3,000 . . . .").

Invoking rule R-9 does not act to remand this case back into the realm of all courts which could conceivably exercise valid jurisdiction.  Had Defendants not elected to invoke rule R-9, this case would still be in arbitration, and this Court would have jurisdiction to compel arbitration if either party attempted to unilaterally terminate that arbitration to file a federal lawsuit.  Accordingly, this Court cannot acquire jurisdiction via Defendant's decision to invoke rule R-9, which solely vests jurisdiction in applicable small claims courts.  Any other interpretation of rule R-9, or attempt by this Court to invoke jurisdiction over this case, would completely undermine that rules' purpose as well as the parties' agreement to be bound by the AAA's rules and procedures.  The AAA's rules solely vest subject matter jurisdiction of this dispute in Kansas small claims court, requiring this Court dismiss Plaintiff's claims for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1).

In summary, Plaintiff's decision to seek arbitration pursuant to the parties' valid Arbitration Agreement placed sole jurisdiction of this dispute with the AAA, and by extension Kansas small claims courts.  Under the FAA, this Court is bound to enforce arbitration agreements pursuant to their terms.  That Arbitration Agreement provides that the AAA's "applicable rules and procedures" shall govern the parties' dispute.  Those applicable rules and procedures include rule R-9 and its limited exemption allowing small claims jurisdiction in lieu of arbitration.  Plaintiff cannot now use that limited exemption as an escape hatch to invoke Federal jurisdiction to which she would not be otherwise entitled.  Plaintiff herself voluntarily elected to submit her claims to the AAA's jurisdiction and rules, and those rules clearly provide for small claims jurisdiction in this case.  Defendant elected to exercise its rights to invoke small

claims jurisdiction under AAA rule R-9, and Plaintiff may not now avoid that result by selectively picking and choosing which arbitration rules she will and will not follow. This Court is bound to enforce the parties' agreement by dismissing this case without prejudice for refiling in Kansas small claims court, and estop Plaintiff from seeking resolution of this dispute inconsistent with the parties' agreement and AAA rules and procedures.

## IV.  CONCLUSION

Based on the arguments and authorities set forth above, the Court must dismiss Plaintiff's claims without prejudice for refiling in Kansas small claims court.

Respectfully submitted,

/s/ Aaron J. Good
Aaron J. Good, #25067
Todd E. Shadid, #16615
KLENDA AUSTERMAN LLC
301 N. Main, Ste. 1600
Wichita KS 67202-4816
(316) 267-0331
(316) 267-0315 Fax
agood@klendalaw.com
tshadid@klendalaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notice of this filing to: Boyd Byers and Sarah Macke, Attorneys for Plaintiff. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/Aaron J. Good
Aaron J. Good, #25067