IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIRACLE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02512-JAR-KGG |
| ) | |
| vs. ) | **PLAINITFF'S RESPONSE TO** |
| ) | **DEFENDANT'S MOTION TO** |
| FORD OF AUGUSTA, INC. dba ) | **DISMISS** |
| EDDY'S FORD OF AUGUSTA, ) | |
| ) | |
| Defendant. ) | |

**I.   Introduction.**

In a likely attempt to increase its profits, Defendant misrepresented that Plaintiff was required to buy GAP insurance in order to obtain financing for the purchase of her vehicle. Believing any loan request would otherwise be denied, Plaintiff agreed to the additional $699 GAP insurance. Because Defendant conditioned the loan on her purchase of GAP insurance, the Truth in Lending Act ("TILA") mandates the cost be disclosed as a finance charge. Rather than doing so, Defendant hid the extra finance charge in violation of the Act.

Despite her numerous attempts, Plaintiff has been unable to resolve this matter without this Court's intervention. After her first attempts to resolve this matter failed, Plaintiff initiated arbitration pursuant to the parties' agreement. Rather than arbitrating the claims, Defendant attempted to strip Plaintiff of her counsel and force her to litigate her claims in small claims court where she would be *required* to proceed *pro se*. Refusing to acquiesce to Defendant's underhanded tactics, Plaintiff filed this action.

1

Now, Defendant again seeks to strip Plaintiff of her counsel and force her to litigate *pro se* in small claims court, by filing the instant motion to dismiss for lack of jurisdiction. Defendant's motion is fatally flawed. This Court has original jurisdiction over Plaintiff's TILA claims, and the Court will only lose that jurisdiction if Defendant can show that this matter should be compelled to arbitration. Defendant's motion fails because Defendant cannot compel this matter to arbitration for several reasons.

First, Defendant is in default of its obligation to arbitrate. The parties' arbitration agreement required the parties to *arbitrate* Plaintiff's claims. Instead of doing so, Defendant refused to arbitrate and tried to force Plaintiff's claims to small claims court. Because Defendant is in default of its obligation to arbitrate, Defendant has no right to compel this matter to arbitration under the Federal Arbitration Act ("FAA").

Second, even if Defendant were not in default of its obligation to arbitrate—it is—Defendant's arbitration agreement is unenforceable. In practice, the agreement deprives Plaintiff of counsel. This is contrary to Congress's intent, and deprives Plaintiff of a means to effectively vindicate her TILA claims. Thus the arbitration agreement is unenforceable under the "effective vindication" exception to the FAA.

## II.  Procedural History.

Before filing her complaint in this matter, on June 4, 2018, Plaintiff notified Defendant of her claims informally via a letter and draft complaint. *See* Letter attached hereto as Exhibit A. Thereafter, Defendant disputed liability and mentioned that Plaintiff had signed an arbitration agreement. Doc. 4-1 at 4.

Given that Plaintiff was unable to resolve her claims amicably, and that Defendant had noted the existence of an arbitration agreement between the parties, on August 29, 2018, Plaintiff demanded arbitration before the American Arbitration Association ("AAA"). *Id*. at 18. On September 11, 2018, AAA issued a letter notifying the parties that an arbitration had commenced, and asking Defendant to pay its portion of the arbitration fees, $4,450.00. *Id.* at 32. AAA's letter also noted that under rule R-9 of AAA's consumer arbitration rules either party could demand that the matter be heard before a small claims court. *Id.*

On September 24, 2018, despite the parties' agreement, which required Defendant to *arbitrate* Plaintiff's claims and explicitly barred any court from hearing the claims once arbitration was elected, Defendant demanded that AAA refer the matter to small claims court. *Id.* at 35. That same day, without allowing any party to dispute the request, and in full disregard of the parties' agreement to the contrary, AAA administratively closed its file. *Id*. at 36. With Defendant having defaulted on its obligations to arbitrate Plaintiff's claims, Plaintiff commenced this action. Doc. 1.

### III.     This court has original jurisdiction over Plaintiff's claims.

The TILA provides that "any action under this section may be brought in any United States district court . . . ." 15 U.S.C. § 1640(e). This is a TILA action, thus this Court has jurisdiction over Plaintiff's claim. Nonetheless, Defendant contends that the court lacks jurisdiction because the parties have entered an arbitration agreement. This conclusion does not follow.

If a claim is subject to arbitration, federal courts lack subject matter jurisdiction over the claim, and the case must be stayed. *See Lockhart v. A.G. Edwards & Sons, Inc.*, No. CIV. A. 93-2418-GTV, 1994 WL 34870, at *1 (D. Kan. Jan. 25, 1994); 9 U.S.C. 3. However, before this court can be divested of jurisdiction, Defendant must show that the parties have a valid arbitration agreement, and that it has complied with said agreement. 9 U.S.C. § 3. Because Defendant can show neither, its motion must be denied.

### IV. Defendant cannot compel this matter to arbitration because it is default of its obligation to arbitrate.

The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, **providing the applicant for the stay is not in default in proceeding with such arbitration**.

9 U.S.C. 3 (emphasis added).

By the statute's plain language, a party's failure to arbitrate as agreed precludes that party from compelling a matter to arbitration. The Tenth Circuit has confirmed this analysis. *See Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) (a party's default in arbitrating claims precludes stay, and default is to be found by the court, not an arbitrator); *see also Sink v. Aden Enterprises, Inc.*, 352 F.3d

1197, 1200 (9th Cir. 2003) (finding that a party's default in proceeding with arbitration precluded the party from compelling arbitration under 9 U.S.C. §§ 3 and 4).

Here, the parties' arbitration agreement provides:

**Any Claim, shall be resolved, upon the election of you or Dealer, by binding arbitration pursuant to this Agreement and the applicable rules or procedures of the American Arbitration Association ("AAA").**

\*   \*   \*

No class action arbitration may be ordered and there shall be no joinder of parties except for joinder of parties to the same Contract. If any portion of this Agreement is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Agreement. **In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Agreement, this Agreement shall govern.**

THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES FURTHER ACKNOWLEDGE THAT DISCOVERY IS MORE LIMITED IN ARBITRATION. **THE PARTIES HEREBY KONWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

Doc 4-1 at 3 (emphasis added).[1]

The arbitration provision's plain language gives Plaintiff the right to have her claims against Defendant decided by arbitration. *Id.* And, if such an election is made,

---

[1] While the provision allows the parties to elect either NAF or AAA, NAF no longer handles consumer arbitrations as a result of a consent decree entered after a corruption investigation. *See Miller v. GGNSC Atlanta, LLC*, 323 Ga. App. 114, 116, 746 S.E.2d 680, 683 (2013). Thus the only option for arbitration in this matter is AAA.

the agreement requires that the case not be decided by a court. *Id.* Moreover, insofar as a selected arbitration tribunal's rules conflict with the arbitration provision, the arbitration provision explicitly controls over the tribunal's rules. *Id.*

Here, as Defendant admits, Plaintiff exercised her election to proceed in arbitration, and filed a demand with AAA as required by Defendant's arbitration provision. However, AAA maintains a rule which allows a party to force a proceeding into small claims court if the demand sought is within the jurisdictional bounds of the small claims court. *See* AAA Consumer Arbitration Rules at rule R-9. Once Plaintiff had initiated arbitration, Defendant demanded that AAA close its file and refer Plaintiff's case to small claims court. AAA mechanically complied and closed the file.

The parties' arbitration agreement does not allow Defendant to force Plaintiff's claims to small claims court. To the contrary, the Arbitration provision explicitly mandates arbitration, and once she has elected arbitration, bars the matter from being heard by a court. Doc. 4-1 at 3 ("**shall be resolved**, upon the election of you or Dealer, **by binding arbitration** . . . .") (emphasis added). The mandate on arbitration is not subject to a party electing small claims court, it is required upon the election of either party. Moreover, while AAA's consumer rules may allow certain matters to be referred to small claims court, the parties' arbitration agreement trumps any arbitration tribunal's rules to the contrary. *Id.* ("In the event of a conflict or inconsistency

6

between the rules and procedures of the arbitration administrator and this Agreement, this Agreement shall govern")

Because the arbitration agreement says no court can decide the case once Plaintiff elects arbitration, Defendant had no right to force Plaintiff's case to small claims court. By refusing to arbitrate, Defendant breached the arbitration agreement, and therefore is in default of its obligation to arbitrate before AAA. Consequently, Defendant has lost the right compel this matter to arbitration. *See* 9 U.S.C. § 3; *Cahill*, 786 F.3d at 1294; *Sink*, 352 F.3d at 1200.

Why Defendant would breach the arbitration agreement in this manner is clear. First, Defendant had a contractual duty to pay up to $650 of Plaintiff's arbitration fees. Doc. 4-1 at 3. If Defendant successfully forced Plaintiff's case to small claims court, it could save itself these costs.

Second, attorneys are not allowed in small claims court. K.S.A. § 61-2707(a). Thus, if Defendant could force this matter to small claims court, it could strip Plaintiff of counsel and force her to litigate her complex TILA claims *pro se*, which would allow Defendant to take advantage of her.

Third, because successful consumers in TILA actions can recover their attorney's fees, pushing this matter to small claims court—where attorneys are not allowed—would keep Defendant from having to pay Plaintiff's attorneys' fees when she won. This Court should not condone or reward Defendant's underhanded conduct, and should deny Defendant's motion in its entirety.

**V.     Defendant's arbitration provision is unenforceable because, in practice, it deprives Plaintiff of a means to effectively vindicate her TILA claims.**

The FAA favors arbitration. *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014). "However, federal courts have recognized what is referred to as "[t]he 'effective vindication' exception" to the FAA. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235, 133 S. Ct. 2304, 2310, 186 L. Ed. 2d 417 (2013); *Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 376–77 (10th Cir. 2016). Under this exception, "an arbitration agreement that prohibits use of the judicial forum as a means of resolving statutory claims must also provide for an effective and accessible alternative forum." *Shankle v. B-G Maint. Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999). Here, Defendant's arbitration agreement robs Plaintiff of a means to effectively vindicate her TILA claims by depriving her of the right to counsel.

In enacting the TILA, Congress sought to achieve widespread compliance without government intervention by enlisting private attorneys general to enforce the statute. *See Dias v. Bank of Hawaii*, 732 F.2d 1401, 1403 (9th Cir. 1984) ("The TILA civil liability provisions were designed largely to encourage consumers to bring small damage actions and thereby promote creditor compliance with the Act."); *see also Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 436 (5th Cir. 2000) ("The caselaw confirms that statutory damages may be imposed as a means to encourage private attorneys general to police disclosure compliance even where no actual damages exist.").

However, the TILA is an exceptionally complex statute. The body of law surrounding the statute is comprised of voluminous regulations, esoteric official commentaries, obscure agency opinion letters, as well as case law interpreting the same. *See* 12 C.F.R. parts 226 and 1005 *et seq*. As a result, consumers cannot successfully prosecute TILA claims without counsel. Aware of this problem, Congress granted TILA plaintiffs a right to recover their attorney's fees. *See* 15 U.S.C. § 1640. This ensures that consumers will not have to prosecute TILA claims *pro se*, and effectively creates a *de facto* right to counsel.

AAA's rules and practices allow parties to force claims into small claims court if the damages sought are less than $3,000. AAA does not allow any discussion or argument on the issue, and it appears that AAA mechanically refers matters to small claims court upon one of the parties' request.[2]

Because parties in small claims court cannot be represented by an attorney, AAA's rules and practices rob consumers of the right to counsel. Because representation by counsel is an integral part to the TILA's statutory scheme and a practical necessity in pursuing TILA claims, AAA's rules and practices deprive consumers of a means to effectively vindicate TILA claims.[3]

---

[2] Indeed, AAA's referral was made the same day Defendant demanded it, and in outright disregard of the parties' arbitration agreement to the contrary. Doc. 4-1 at 3.
[3] What's worse is that because nearly all statutory claims under the Consumer Credit Protection Act provide statutory damages of less than $3,000, AAA's rules and practices would deprive nearly all litigants pursuing these claims of counsel—an

Here, Defendant's arbitration agreement elects arbitration subject to AAA's rules and practices. AAA's rules and practices would allow Defendant to force this matter to small claims court and strip Plaintiff of counsel regardless of the parties' agreement to the contrary. This outcome is anathema to Congress's intent in enacting the TILA and robs Plaintiff of the ability to effectively vindicate her TILA claims. Thus, Defendant's arbitration agreement is unenforceable. *See Shankle*, 163 F.3d at 1234.

## VI.   Conclusion.

This Court has original jurisdiction over Plaintiff's TILA claims, and Defendant cannot divest this court of jurisdiction via a motion to compel arbitration. Defendant is in default of its obligations to arbitrate and its arbitration agreement is unenforceable because it improperly strips Plaintiff of counsel and leaves her no ability to effectively vindicate her TILA claims. Defendant's motion to dismiss for lack of jurisdiction must be denied.

Dated: November 2, 2018

                                                      Respectfully submitted,

                                                      /s/ Anthony LaCroix
                                                      Anthony LaCroix
                                                      KS Bar No. 24279
                                                      406 W. 34th Street, Suite 810
                                                     Kansas City, MO 64111
                                                     Telephone:  (816) 399-4380

---

outcome Congress specifically sought to avoid by allowing consumers to recover attorney's fees for pursuing these claims. *See* 15 U.S.C. §§ 1640; 1692k 1693m; 1681n.

                Fax:  (816) 399-4380
                Email:  tony@lacroixlawkc.com
                *Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group, PLLC*

**Correspondence Address:**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 2, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notice of this filing to:


Aaron J. Good, #25067
Todd E. Shadid, #16615
KLENDA AUSTERMAN LLC
301 N. Main, Ste. 1600
Wichita KS 67202-4816
(316) 267-0331
(316) 267-0315 Fax
agood@klendalaw.com
tshadid@klendalaw.com
*Attorneys for Defendants*

                /s/ Anthony LaCroix
                Anthony LaCroix