IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIRACLE THOMPSON,                    )
                                     )
                     Plaintiff,      )
                                     )
vs.                                  )          Case No. 18 CV 2512
                                     )
FORD OF AUGUSTA, INC. dba            )
EDDY'S FORD OF AUGUSTA,              )
                                     )
                     Defendant.      )
_____)

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Defendant, pursuant to Fed. R. Civ. P. 12, and submits its reply in support of its motion to dismiss Plaintiff's complaint.

## I.      REPLY TO PLAINTIFF'S ARGUMENTS AND AUTHORITIES

Plaintiff responds to the pending motion to dismiss by arguing that Defendant has defaulted under its Arbitration Agreement obligations, and that the Agreement itself is unenforceable.  For the reasons set forth below, the Court should reject those arguments.

### A.      Defendant Has Not Defaulted Its Obligation to Arbitrate

Plaintiff's argument that Defendant has 'defaulted its obligation to arbitrate' is based upon its flawed reading of 9 U.S.C. §3 and the Arbitration Agreement itself.  Defendant has not defaulted its obligation to arbitrate as shown by its election of AAA rule R-9, and review of the Arbitration Agreement itself shows it is in harmony with those arbitration rules.

#### 1.      Plaintiff's Flawed Interpretation of 9 U.S.C. §3

That statute provides a court must stay proceedings pending completion of arbitration provided "the applicant for the stay is not in default in proceeding with such arbitration." Plaintiff interprets that language to refer to the parties' arbitration agreement itself, and

Defendant's alleged default in failing to comply with the terms thereof.

Case law is clear that the "default" to which §3 refers generally concerns parties who choose to ignore their arbitration agreements and proceed with litigation or other actions inconsistent with a right to arbitrate. See N & D Fashions, Inc. v. DHJ Industries, Inc., 548 F.2d 722, 728 (8th Cir. 1976) ("A default occurs when a party 'actively participates in a lawsuit or takes other action inconsistent with" the right to arbitration.'"); Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (D.C. Cir. 1966) ("A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right. Once having waived the right to arbitrate, that party is necessarily 'in default in proceeding with such arbitration.'"). §3's reference to "default" may also apply in instances, like in Plaintiff's cited case of Pre-Paid Legal Services, Inc. v. Cahill, where a party refuses to either participate in arbitration proceedings or ignores the rules of arbitration. See 786 F.3d 1287, 1294 (10th Cir. 2015).[1]

The foregoing cases show §3 does not apply in this instance. Plaintiff herself elected to enforce the parties' arbitration agreement on August 29, 2018, and Defendant chose to enforce AAA rule R-9 to remove those claims to small claims court on September 24, 2018. There was no substantial delay in Defendant acting under the parties' agreed arbitration rules, nor did Defendant file any lawsuit or take any action inconsistent with its right to arbitrate. And Defendant did not refuse to participate in arbitration or abide by its rules; in fact, Defendant opted to use AAA rule R-9 to remove the parties' dispute to small claims court. Defendant did not ignore the rules of arbitration, instead it expressly abided by them, and any argument

---

[1] Citing Brown v. Dillard's, Inc., 430 F.3d 1004, 1011 (9th Cir.2005) (explaining the defendant "breached the arbitration agreement by refusing to participate in properly initiated arbitration proceedings" and that the "breach was tantamount to a repudiation of the arbitration agreement"); Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1201 (9th Cir. 2003) ("[F]ailure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration."); Garcia v. Mason Contract Prods., LLC, No. 08–23103–CIV, 2010 WL 3259922, at *3 (S.D.Fla. Aug. 18, 2010) (unpublished) (holding "[b]y failing to timely pay its share of the arbitration fee, Defendant materially breached its obligations, thereby 'scuttling' [its] opportunity" to insist on arbitration).

therefore that Defendant is in default under 9 U.S.C. §3 is without merit.

<h4 style="text-align:center">2. AAA Rules are Consistent with the Parties' Arbitration Agreement</h4>

Plaintiff's core argument that the Arbitration Agreement is inconsistent with AAA rules and therefore the Agreement supersedes the arbitration rules is based on a selective reading of that document.  Plaintiff cites the Agreement's provision that "in the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Agreement, this Agreement shall govern."  She reads that language in concert with the parties' waiver of their right to litigate before a judge or jury upon election of arbitration to create an inconsistency rendering Defendant's election of AAA rule R-9's small claims jurisdiction a nullity.

In doing so, Plaintiff ignores standard rules of contract construction and the Agreement itself.  Documents like the Agreement should be read to give effect to all its provisions and to render them consistent with each other.  Dillard Dept. Stores, Inc. v. State Dept. of Human Resources, 28 Kan. App. 2d 229, 235 (Kan. App. 2000).  The Agreement itself solely concerns arbitrating the parties' disputes, with arbitration generally recognized as a simple, informal, and efficient way to resolve disputes.  See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985) (discussing the "simplicity, informality, and expedition of arbitration."); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 345 (2011) ("[T]he informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution.")

These basic concepts show that the parties intended for the Agreement to allow for quick and inexpensive resolution of their disputes through arbitration.  That said, the Agreement also expressly allows for one – and only one – other form of dispute resolution, which is similarly

informal and cost effective:  small claims court.  The second to last sentence of the Agreement's third paragraph states "We agree not to invoke our right to arbitrate an individual claim you may bring in small claims court or an equivalent court, if any, so long as the Claim is pending only in that Court."  The effect of including this sentence cannot be overstated in this instance.

It is the only exception in the entire Agreement allowing the parties' to resolve a claim outside arbitration.  Read in concert with the Agreement's general purpose of allowing for quick and inexpensive dispute resolution, it is an express recognition that resolving disputes in small claims court is the *most* cost effective and expedient forum.  That recognition of the efficiency of small claims court is in harmony with AAA rule R-9's small claims removal provision.  Rule R-9's provision for removal of claims, like Plaintiff's, to small claims court is a similar recognition that doing so is both cost effective and efficient.  Because both the Agreement and AAA rule R-9 recognize this fact, they are in harmony and this Court must dismiss this action for refiling in small claims court as contemplated by AAA rule R-9.

**B.    The Parties' Arbitration Agreement Does Not Deprive Plaintiff of her TILA Claims**

Plaintiff also cannot show that the parties' Arbitration Agreement is unenforceable, because removal of her claims to small claims court is a direct consequence of her own actions. In that Agreement Plaintiff consented to abide by the AAA's rules and procedures, which include the small claims exception contained at AAA rule R-9.  Plaintiff elected arbitration and filled out her Demand for Arbitration, stating in line 3 that the amount of money in dispute was "$2,000 + attorney's fees and costs."  See Defendant's Exhibit D.  Plaintiff's decision to state an amount in controversy bringing her within AAA rule R-9 and K.S.A. §61-2703(a)'s small claims jurisdiction was her decision, which she now seeks to avoid the consequences thereof.

There is nothing on the face of the parties' Arbitration Agreement depriving Plaintiff of

her right to pursue her TILA claims or to counsel.  On its face that Agreement merely provides the parties' will submit their disputes to the AAA for resolution under its rules and procedures. Defendant has not taken any action in this case to deprive Plaintiff of her TILA claims either; it did not compel arbitration, or state the amount in controversy which brought AAA rule R-9 into play.  Plaintiff quite simply finds herself in a position of her own making which she does not like, and seeks the Court to rescue her from the entirely foreseeable consequences of her actions.

Plaintiff elected to proceed with arbitration, and had the right and opportunity to review the AAA rules and procedures to which she would be subject prior to making her election.  She then elected to state her damages in such a way that directly implicated AAA rule R-9's small claim removal right.  Defendant did not lure Plaintiff into an ambush by electing arbitration itself.  Defendant did not state the amount in controversy of $2,000.  Plaintiff took those actions, and now seeks this Court's help in avoiding their logical and foreseeable consequences.

## II.   <u>CONCLUSION</u>

Based on the arguments and authorities set forth above, the Court must dismiss Plaintiff's claims without prejudice for refiling in Kansas small claims court.

Respectfully submitted,

_____/s/ Aaron J. Good_____
Aaron J. Good, #25067
Todd E. Shadid, #16615
KLENDA AUSTERMAN LLC
301 N. Main, Ste. 1600
Wichita KS 67202-4816
(316) 267-0331
(316) 267-0315 Fax
agood@klendalaw.com
tshadid@klendalaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 14, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notice of this filing to: Plaintiff.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  **N/A**.

     s/Aaron J. Good
_____
Aaron J. Good, #25067
